Note.—See under (1) 35 C. J. p. 157, §27; p. 162, §32. (2) 4 C. J. p. 877, §2853; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75. (3) 18 C. J. p. 191, §82; anno. 6 L. R. A. (N. S.) 442; 1 R. C. L. p. 260. (4) 18 C. J. p. 218, §131; 32 C. J. p. 731, §501; 19 L. R. A. (N. S.) 461; 14 R. C. L. p. 594.

---

**HARGROVE v. OKLAHOMA PRESS PUB. CO. et al.**

No. 17767. Opinion Filed March 6, 1928.

Rehearing Denied March 27, 1928.

(Syllabus.)

**1. Libel and Slander—Petition not Alleging Special Damages Demurrable Where Publication not Libelous Per Se.**

Where, in an action for libel, no special damages are alleged, a demurrer interposed to the petition should be sustained by the court, unless the publication complained of is libelous per se.

**2. Same—When Publication Actionable Per Se.**

A publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as a whole, refer to the plaintiff and not to some other person.

**3. Same—Language Given Its Usual Meaning.**

In construing language alleged to be libelous, the court should give to said language the same meaning and understanding as is usually applied thereto.

**4. Same—Libelous Per Se to Say White Person is Negro or is Cohabiting with Negro.**

In this state it is libelous per se to write

of or concerning a white person that said person is a negro, or to write of a white woman that she is cohabiting with a negro.

## 5. Pleading—Truth of Facts Pleaded in Petition Admitted by Demurrer but not Truth of Pleader's Inferences.

Where a demurrer is interposed by the defendant to the petition of plaintiff, the demurrer only admits the truth of the facts pleaded, but does not admit the truth of the inference of the pleader based on the facts pleaded, unless the facts themselves are sufficient to authorize such inference.

## 6. Libel and Slander—False Publication that Man is Negro not Actionable Libel Against Wife.

A false publication that a man is a negro is not of itself a libel upon his wife for which she can maintain an action.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by Florence Hargrove against the Oklahoma Press Publishing Company et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Thomas J. Wiley, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendants in error.

MASON, V. C. J. The parties occupy the same relative position here as in the trial court, and, for convenience, they will be referred to as plaintiff and defendants, as they there appeared.

This is an appeal from a judgment of the trial court sustaining defendant's demurrer to plaintiff's petition in an action for libel based upon an article published in the "Muskogee Phoenix" on the 12th day of November, 1925. The publication reads as follows:

"NEGRO CAN LEAVE JAIL IF HE KEEPS ON GOING.

"Federal Judge Grants Parole to Rum Peddler

"Conditional on California Journey.

"William Hargrove, convicted in federal court here June 23, of manufacturing, possessing and transporting whisky, was released from the city jail yesterday on parole granted by Federal Judge R. L. Williams.

"The parole was issued on condition that Hargrove place a 'for rent' sign on the scene of his unlawful actions and appear in California within 30 days. If he fails to appear in the orange blossom state in the next month, he automatically becomes a fugitive from justice and again subject to arrest. Hargrove was sentenced to serve nine months in jail and pay a fine of $150 at the completion of his trial here in June. He was a second offender. Judge Williams' order of release received here yesterday required the man to pay his fine before gaining freedom. Hargrove's wife appeared at the office of the United States marshal here with the bills, one for $100 and the other for $50.

"The parole, in part, reads as follows: 'It appearing to the court that the defendant has announced that he will not again engage in the liquor traffic and that he desires to leave the state. Therefore, sentence is ordered suspended and defendant placed on probation.' The order becomes permanent when the defendant makes his appearance in California."

Plaintiff's petition, after alleging that the defendants had published said article, continues:

"Plaintiff states she is the person described and designated in said false and defamatory article as the wife of William Hargrove and that she is a white person; that the said William Hargrove mentioned in said article and described and designated as a negro therein and described and designated as the husband of plaintiff therein is a white person; that said article falsely and maliciously imputes and charges that this plaintiff is the wife of a negro and is calculated to expose this plaintiff to public hatred, contempt, ridicule and obloquy; plaintiff states that she is now about 26 years of age; that for over three years next preceding said false and defamatory publication, plaintiff and said William Hargrove have sustained the relationship of husband and wife; that such relationship was a matter of common knowledge and public repute; that this plaintiff and said William Hargrove are in truth and fact white persons, and that they each at all times prior to said false and defamatory publication bore the reputation of being white persons; that at no time prior to said false and defamatory publication had this plaintiff been stigmatized as the wife of a negro, and at no time prior to said false and defamatory publication did this plaintiff bear the reputation of being the wife of a negro."

No special damages are alleged. Therefore, if said publication is not libelous per se, the action of the trial court in sustaining the demurrer to the plaintiff's petition was proper. Matthews v. Oklahoma Publishing Company, 103 Okla. 40, 219 Pac. 947; M., K. & T. Ry. Co. v. Watkins, 77 Okla. 270, 188 Pac. 99; Kee v. Armstrong Byrd Co., 75 Okla. 84, 182 Pac. 494.

Does the published article contain libel actionable per se? The term "pe se" means "by itself; simply as such; in its own nature without reference to its relations" (Standard

Dictionary) ; and, in connection with slander and libel, the term is applied to words which are actionable because they, of themselves, without anything more, are opprobrious. In other words, a publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as a whole, refer to the plaintiff and not to some other person. Kee v. Armstrong Byrd Co., supra; Rowan v. Gazette Printing Co. (Mont.) 239 Pac. 1035.

As to whether the article herein is libelous per se, we must consider in our determination only the thought, idea, impression, or opinion conveyed to the reader of the same. If the article, when so considered, engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt, obloquy, it is libelous per se. Bratcher v. Gernert, 77 Okla. 12, 185 Pac. 1081; Phoenix Printing Co. v. Robertson, 80 Okla. 191, 195 Pac. 487; Wiley v. Oklahoma Press Publishing Co., 106 Okla. 52, 233 Pac. 224; Stevens v. Snow (Cal.) 214 Pac. 968; Choctaw Coal & Mining Co. v. Lillick (Ala.) 86 So. 383; Jones v. Greeley (Fla.) 6 South. 448.

The publication cannot be measured by its effect when subjected to the critical analysis of a legal mind; it must be measured by its natural and probable effect upon the mind of the average lay reader.

There are, perhaps, some parts of the United States in which a publication describing a white man as a negro would not tend to disgrace or degrade or render him odious in the estimation of his friends and acquaintances, but if there were ever two opinions on this subject in this state, the question has been definitely settled in the case of Collins v. Oklahoma State Hospital, 76 Okla. 229, 184 Pac. 946, where the court said:

"In this state, where a reasonable regulation of the conduct of the races has led to the establishment of separate schools and separate coaches, and where conditions properly have erected insurmountable barriers between the races when viewed from a social and a personal standpoint, and where the habits, the disposition, and characteristics of the race denominate the colored race as inferior to the Caucasian, it is libelous per se to write of or concerning a white person that he is colored. Nothing could expose him to more obloquy or contempt or bring him into more disrepute than a charge of this character."

And for the same reasons it would hardly be possible to publish of a white woman matter that would more certainly tend to degrade or disgrace her or arouse the scorn and hatred and render her more odious and contemptible in the estimation of her friends and acquaintances than to charge her with cohabiting with a negro. The publication however, does not state that the plaintiff is a negro or that she is cohabiting with a negro, and the defendants argue that it appears on the face of the petition that the alleged libelous publication does not refer to the plaintiff. On the other hand, the plaintiff relies upon the allegation of the petition that she is the person described and designated as the wife of William Hargrove and that said allegation must be taken as true in considering defendants' demurrer to said petition. As a general rule this is true, but where there is a difference between the allegations of plaintiff's petition and the exhibit thereto attached, the exhibit controls.

The rule is announced in 38 Corpus Juris, 32, as follows:

"Merely alleging the application of the publication to plaintiff, in language of the statute, will not save the complaint from successful attack, when such allegations are rendered nugatory by other affirmative allegations showing the publication could not possibly have referred to him."

In Matthews v. Oklahoma Publishing Co., supra, we announced the rule in the 5th paragraph of the syllabus as follows:

"Where a demurrer is interposed by the defendant to the petition of plaintiff, the demurrer only admits the truth of the facts pleaded, but does not admit the truth of the inference of the pleader based on the facts pleaded, unless the facts themselves are sufficient to authorize such inference."

Therefore, we must look to the publication itself rather than the general allegations of the petition to ascertain whether the libelous portion thereof refers or applies to the plaintiff.

The publication, as we read it, does not purport to be about the plaintiff. It refers to a certain William Hargrove who had been convicted on a liquor charge and paroled by the trial judge. It does, of course, state that the wife of William Hargrove appeared and paid the fine, but the plaintiff is not named therein.

We are not unaware of the well-established rule that an action for libel may be maintained where the plaintiff is not named, but is indicated by circumstances contained in the article which are capable of direct proof

that the plaintiff was the person to whom reference was made; as where the plaintiff is referred to by his business, his place of business, his residence and other facts, rendering it clear that he and no one else was referred to in the libel. In such a case, section 304, C. O. S. 1921, applies and it would be sufficient for the plaintiff to aver that the article was published of and concerning him; it would be unnecessary to allege in detail the facts essential to connect him with the libel.

Section 304, supra, provides:

"In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts, showing that the defamatory matter was published or spoken of him."

The rule is also well established that one who publishes matter about a board, a jury, or a family in its collective capacity, assumes the risk of its being libelous as to any member thereof. 36 Corpus Juris, 1161.

If the publication had stated, even without naming her, that the wife of said William Hargrove was a negro, then the foregoing rules would be applicable and she could show that she was the person referred to, but the offensive portion of the publication is not directed at the family of the plaintiff, in its collective capacity, or at the plaintiff in person, but at William Hargrove. We cannot see in the article anything reflecting on the plaintiff, and she cannot import into it, by her mere say-so, a meaning different from the plain unambiguous intent of the words. The article, on its face, contained no libel on her; if it related to her, it was only by reason of extrinsic facts and circumstances.

We believe it would be stretching the rule of libel too far to say that a false imputation that a man is a negro is a libel upon his wife.

The judgment of the trial court is affirmed.

HARRISON, PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

BRANSON, C. J., concurs in the conclusion.