## SHAFFER v. HUFF.

No. 21001. Opinion Filed June 21, 1932.

Rehearing Denied July 27, 1932.

J. F. Murray, for plaintiff in error.

Maris & Maris, for defendant in error.

HEFNER, J. This action was brought in the district court of Kay county by Sadie Huff against S. H. Shaffer to recover damages because of alleged slanderous words spoken of and concerning plaintiff. Trial was to a jury and resulted in verdict and judgment in favor of plaintiff for the sum of $100. Defendant asserts that the allegations of plaintiff's petition are insufficient to state a cause of action, and that the court erred in overruling his demurrer thereto.

The petition contains three separate and distinct causes of action, the third of which was dismissed by plaintiff prior to the trial. In her first cause of action, she, in substance, alleged that, during May, 1928, and for sometime prior thereto, she was operating a hotel in Ponca City, Okla.; that she became indebted to defendant in a certain sum; on May 25, 1928, he came to the hotel to collect the debt due him, and in the presence of C. C. West and others used the following language:

"If you would stay in the office and attend to business and did not have those pimps laying around here you would have a better business. * * * She (meaning plaintiff), has a police record all right, I have seen it, just go down and look on the books."

She then alleges that defendant thereby intended to charge that she was operating a house of ill-fame and prostitution.

In her second cause of action she makes all the allegations made in the first cause of action, and, in substance, alleges that, on May 25, 1928, while she and defendant were passengers at the Atchison, Topeka & Santa Fe Railway in Ponca City, defendant again addressed her relative to the indebtedness and used the following language:

"If you would stay in the office and attend to business and didn't have those pimps laying around here you would pay your rent, you had a woman there in the hotel last winter working for you and she had a man there pimping for her. I know what was going on, I know all about it, I don't know their names, they are in Oklahoma City now"

—meaning, according to plaintiff's petition, that plaintiff was operating a house of prostitution and ill fame.

It is the contention of defendant that, under the allegations of the petition, the alleged words spoken were not actionable per se; that no special damages are alleged and that the petition, therefore, does not state a cause of action. With this contention we agree.

No special damages are alleged, and the words spoken, taken in their most obvious and literal sense, do not charge plaintiff with keeping a house of ill fame as alleged in her petition. They simply charge that plaintiff was unable to pay her rent and that her business was not prosperous because of the character of guests kept at her hotel. The words used do not imply that the parties staying at the hotel were soliciting for and with the knowledge of plaintiff. No legal wrong is attributed to plaintiff by the language used. Therefore, in the absence of the allegation of special damages suffered by plaintiff, the petition fails to state a cause of action. In Oklahoma Pub. Co. v. Gray, 138 Okla. 71, 280 P. 419, the following rule is announced:

"If the publication is not libelous per se, and special damages are not alleged, the petition does not state a cause of action."

To the same effect is the case of Thomas v. McShan, 99 Okla. 88, 225 P. 713.

It is urged by plaintiff that the following language used by defendant in the presence of others is sufficient to convey the meaning that plaintiff was running a house of ill fame:

"She (meaning plaintiff) has a police record all right, I have seen it, just go down and look on the books."

We think such statement is not subject to the meaning contended for by plaintiff. It does not, in any sense, charge plaintiff with keeping a house of ill fame. In the ordinary acceptance of the words, they simply mean that plaintiff has been guilty of a violation of some city ordinance, and that she was prosecuted in some city court, and defendant saw the record.

The petition fails to state a cause of action and the court erred in overruling the demurrer thereto. The judgment is reversed and the cause remanded, with directions to sustain the demurrer and for further proceedings not inconsistent with the views herein expressed.

CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and KORNEGAY, JJ., dissent. LESTER, C. J., and CLARK, V. C. J., absent.