## CARPENTER v. RENNER et al.

No. 20976. Opinion Filed June 28, 1932.

A. B. Carpenter, pro se.

Abernathy, Howell & Whitesell, Chapman & Chapman, and Rainey, Flynn, Green & Anderson, for defendants in error.

HEFNER, J. This action was brought in the district court of Pottawatomie county by A. B. Carpenter against Ethel E. Renner and the Oklahoma Publishing Company to recover damages because of the publication of an alleged libelous article in the Daily Oklahoman of and concerning plaintiff.

Defendant Renner demurred to plaintiff's petition on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Defendants then filed separate answers in which they alleged that the publication was privileged and was published in good faith and without malice. A jury was impaneled to try the cause. Plaintiff started to introduce his evidence, and defendants objected to the introduction thereof on the ground that plaintiff's petition was insufficient to state a cause of action. On the argument of this objection, the court intimated that, in its opinion, the objection was good for the reason that the alleged publication was not libelous per se and no special damages were pleaded. Plaintiff then asked that he be permitted to dismiss the action without prejudice in order that he might supply the alleged defects in the petition and refile the case. This request was by the court denied; defendants' objection was sustained, and an order entered dismissing the case for the reason that plaintiff's petition failed to state a cause of action.

Plaintiff has appealed and contends that the court erred in holding his petition insufficient, and in sustaining the objection to the introduction of evidence thereunder. It is his contention that the publication complained of is libelous per se, and that it was therefore not necessary to plead special damages. The publication in question is as follows:

"Pott. Anti-Vice Drive Pushed

"Committee Asks Resignation of Remaining Officials in City Regime.

"Campaign to clean up alleged vice conditions in Earlsboro, Pottawatomie county oil city, have only commenced according to a report given out by the citizens committee there Saturday night.

"No effort was made to veil the determina-

tion of the committee to force all city officials to resign. Mayor Homer Knappenberger and Clarence Burdett, chief of police, resigned last week. Both gave reasons other than pressure of the clean-up brigade for their resignations.

"Two remaining city trustees, Al Reeves and K. Jaber, together with A. B. Carpenter, city attorney; George Gates, city treasurer, and Tommy Benedeum, justice of the peace, will be asked to retire, it was stated."

Plaintiff urges that the words used in this article, when given their natural and obvious meaning, charge him with crime, dishonesty, and corruption in office. We do not agree with this contention. He is not charged in the article with the commission of any specific wrong. The article simply charges that a committee of citizens of Earlsboro had investigated certain conditions in the city and county, and that plaintiff would be requested to resign or retire as city attorney. We find nothing in the language used that imputes crime, dishonesty, or malfeasance in office to him. The publication is somewhat similar to the publication in question in McKenney v. Carpenter, 42 Okla. 410, 141 P. 779. It was there held that the publication was not libelous per se, and that the petition, in the absence of an allegation of special damages, was subject to demurrer. The same rule was announced by this court in Oklahoma Pub. Co. v. Gray, 138 Okla. 71, 280 P. 419.

The alleged publication not being libelous per se, and the petition having failed to plead special damages, the objection to the introduction of evidence thereunder was properly sustained.

It is next claimed that the court erred in denying plaintiff's request to dismiss the case without prejudice. We think this contention should be sustained. Section 664, C. O. S. 1921, in part, provides:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

The cause in the instant case was not submitted to the court for its determination upon the merits. The sustaining of an objection to the introduction of evidence was equivalent to sustaining a demurrer to the petition. Therefore plaintiff had a legal right, under the statute, upon sustaining of such objection, to dismiss his case without prejudice.

In the case of C., R. I. & P. R. Co. v. Reynolds, 157 Okla. 268, 12 P. (2d) 208, this court said:

"Under section 664, C. O. S. 1921, the plaintiff has the right at any time before the final submission of a case to dismiss his action without prejudice to a future action. A motion by plaintiff to dismiss his action comes too late as a matter of right when made after he has introduced his evidence and rested, and the defendant has demurred to the evidence of plaintiff and the matter submitted to the consideration of the court for its determination and the court has indicated its ruling adversely to the plaintiff."

The court further said:

"If a litigant, by reason of the ruling of the trial court during the progress of the trial, feels that he has been prejudiced by such ruling and by reason thereof has not been permitted to fully and fairly present his theory of the issues to the court or jury, he should have the unqualified right, such as was granted to him under the common law, to control his action and to dismiss without prejudice before the question is finally submitted to the court or jury. * * *"

There was no final submission of the case to the court for its decision on the merits, and, under the above authority, plaintiff had a right to dismiss without prejudice.

The ruling of the trial court which sustained the objection to the introduction of evidence because of the insufficiency of the petition is affirmed, but the order overruling plaintiff's motion to dismiss his cause of action without prejudice is reversed and the cause is remanded, with directions to take such further proceedings as may seem just and not inconsistent with the views herein expressed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.