Grady J. EDWARDS, Plaintiff in Error,

v.

E. R. CRANE and Acceptance Finance Company, a Corporation, d/b/a Allied Finance Company, a Corporation, Defendants in Error.

No. 36635.

Supreme Court of Oklahoma.

Jan. 24, 1956.

Wendell G. Stockton, Oklahoma City, for plaintiff in error.

Mart Brown, Oklahoma City, for defendants in error.

WELCH, Justice.

This action was brought by Grady J. Edwards, hereinafter called plaintiff, against E. R. Crane and Acceptance Finance Company, a corporation, doing business as Allied Finance Company, a corporation, for libel. The trial court sustained a demurrer to the petition as finally amended, and dismissed the plaintiff's action. The appeal is from this order.

In the petition as amended it is alleged:

"That at the times hereinafter mentioned, the defendant, E. R. Crane, was a servant, agent, or employee of said defendant Corporations, and in that connection, the said E. R. Crane served as a collector, agent, servant and employee of said Corporations; That on or about the 6th day of August 1953, said defendant, E. R. Crane, did publish, write, convey and disseminate, in words, as follows:

'In accordance with our contract with you concerning the account of Orvil Davis, we are demanding payment.

He has left the City and probably the State. Contact our office today, and make arrangements for payment. We hope we will not have to deal with two crooks on this one account.

(Signed) E. R. Crane, Allied Finance, 507 West Main, FO-5-8367'

"Plaintiff further alleges that said collector, agent, servant or employee of said defendant Corporations, hereinabove designated, did deliver unto Ernest Buckner and Glenard Lorenz, and various and sundry other persons, in the area of 200 South Robinson Avenue, Oklahoma City, Oklahoma, and placed on the desk of said plaintiff in his place of business, the exact number of persons who saw the publication being unknown to this plaintiff; that same was published on the premises located at 220 South Robinson Avenue, being and at the instance of E. R. Crane, the collector, agent, servant or employee of said defendant corporations.

"That on the 6th day of August, 1953, the defendant, E. R. Crane, maliciously composed and published, in writing, in words hereinabove alleged, concerning the plaintiff; that said words, composed by the said defendant, E. R. Crane, acting as servant, agent and employee of the defendant, The Allied Finance Company, a Corporation, and the Acceptance Finance Company, a Corporation, were in all particulars, false and defamatory.

"That the facts stated in said writing and publication, hereinabove recited, were wholly false, and were circulated by newpaper publication, and by specific persons, above named, and various and sundry other persons, who, to this plaintiff, are unknown; that the same was further, by publication, disseminated by circulation through the Oklahoma Publishing Company, to-wit: The Oklahoma City Times and the Daily Oklahoman, that he has been damaged to his reputation in the amount of $2,500.00 by virtue of the false and malicious charges hereinabove alleged; that the plaintiff has

been injured further in his place of business, by reason of the above and foregoing, and to his reputation and standing in the community, in the amount of $2,500.00. Plaintiff further states that he is, by reason of the false and malicious statements, hereinabove recited, unable to continue, and has not continued his Service Station operation at 220 South Robinson Avenue, Oklahoma City, Oklahoma.

"That the words, composed, published and circulated by said defendant, E. R. Crane, acting for and in behalf of said Corporate defendants, The Allied Finance Company, a corporation, and The Acceptance Finance Company, a corporation, were libelous per se; that by reason thereof, the plaintiff is entitled to punitive damages in the amount of $15,000.00, by reason of their wrongful acts."

In Matthews v. Oklahoma Pub. Co., 103 Okl. 40, 219 P. 947, 950, it is stated:

"The demurrers to the different causes of action in the petition only admit the truth of the facts pleaded, but do not admit the truth of the inference of the pleader based on the facts pleaded, unless the facts themselves are sufficient to authorize such inference. If alleged defamatory words are not actionable on their face, but derive a defamatory import from extrinsic facts and circumstances, which are pleaded by way of inducement, colloquium, and innuendo, it becomes the duty of the trial court to determine whether the language used in the publication can fairly and reasonably be construed to have a meaning imputed to it by the pleader, and the court must determine that the words are susceptible to the meaning attributed to them by the pleader before the defendant can be put upon his proof to a jury."

In Wimmer v. Oklahoma Pub. Co., 151 Okl. 123, 1 P.2d 671, 673, considering the allegations made in the petition as to specific damage it is stated:

"It will be noted that there was no allegation of special damage in the petition, and that there was no innuendo, colloquium, or explanatory circumstances stated in the petition."

Other cases holding that general allegations are not sufficient to support special damages are Oklahoma Pub. Co. v. Gray, 138 Okl. 71, 280 P. 419; McKenney v. Carpenter, 42 Okl. 410, 141 P. 779. We are of the opinion that the rule announced in those cases is applicable here and that there is some allegation of special damages required in an action for libel where the publication is not libelous per se.

It is therefore necessary to determine whether the language used is libelous per se. In Kee v. Armstrong, Byrd & Co., 75 Okl. 84, 182 P. 494, 498, 5 A.L.R. 1349, it is stated:

"The rule is laid down in 13 Cyclopedia Pleading and Practice, p. 32, as follows:

" 'If the alleged defamatory words are not actionable on their face, but derive their defamatory import from extrinsic facts and circumstances, such extrinsic facts and circumstances must be set forth and connected with the words charged by a proper averment. Words not actionable per se may be made to appear actionable by averring such extrinsic facts as will show that they were intended to be slanderous and were so understood. These averments must be distinctly stated in the inducement, and applied to the plaintiff by a proper colloquium, with the intended and understood meaning correctly set out in the innuendoes.' "

In Tulsa Tribune Co. v. Kight, 174 Okl. 359, 50 P.2d 350, 351, it is stated:

"In determining whether the article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium, and explanatory circumstances. The article must be defamatory on its face."

In Phoenix Printing Co. v. Robertson, 80 Okl. 191, 195 P. 487, 489, it is stated:

" 'The fact that a publication may be unpleasant and annoy or irk the subject thereof, and may subject him to jest or banter, so as to affect his feel-

ings, is not, standing alone, sufficient to make it libelous. In order to be libelous it must tend to lower him in the opinion of men whose standard of opinion the court can properly recognize or tend to induce them to entertain an ill opinion of him.' "

The portion of the letter alleged to be libelous is as follows:

"* * * We hope we will not have to deal with two crooks on this one account."

This statement standing alone is not libelous. It does not state that plaintiff is a crook. There is no pleading alleging that it is intended to designate plaintiff a crook. The language may be crude and lack diplomacy and show bad taste, but it is not libelous per se.

The trial court committed no reversible error in entering the order sustaining the demurrer and dismissing the case.

Affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., dissents.