Robert G. GROVE, Appellant,

v.

William MORGAN, Andrew Morgan and Hughes County Publishing Company, Inc., Appellees.

No. 49927.

Supreme Court of Oklahoma.

Feb. 28, 1978.

Rehearing Denied April 18, 1978.

Carl Michael Smith, Oklahoma City, for appellant.

Daugherty & Heath, Holdenville, for appellees.

BARNES, Justice:

This is a companion case to *Winters v. Morgan, et al.*, 1978, 576 P.2d 1152. The Appellee Defendants are the same. The Appellant Plaintiff is Robert G. Grove. Suit is based on libel by the same published editorial as *Winters, supra.* Grove alleges he is one of the parties referred to in the editorial as "other people indicted by the Federal Grand Jury." The petition here contains the same principal allegations as the Winters petition. The Trial Court similarly sustained a general demurrer to the petition, and subsequently dismissed with prejudice. Grove appeals.

The *Winters* opinion is controlling here on the question of libel per se. Appellant has plead actual malice, and we have held in *Winters, supra,* that Appellees' statement was libelous per se.

Appellees assert that the case of *Owens v. Clark,* 154 Okl. 108, 6 P.2d 755 (1932), is controlling here on the question of whether or not the Appellant is sufficiently identified in the article to sustain a cause of action for libel. We think that the case of *Fawcett Publications, Inc. v. Morris,* 377 P.2d 42 (Okl.1962) which distinguished the *Owens case, supra,* is directly in point and determinative of the issue of sufficient identification of the person libeled. There we said:

"Fawcett also refers to *Owens v. Clark* (1931) 154 Okl. 108, 6 P.2d 755, wherein the court again utilized the rule announced in the Montana case and followed in *Hargrove,* [130 Okl. 76, 265 P. 635] *Fite,* [146 Okl. 150, 293 P. 1073] and *Wimmer,* [151 Okl. 123, 1 P.2d 671] supra. It will be observed that the libelous article in the *Owens* case dealt with 'certain members' of the Oklahoma Supreme Court and not *all* of its members. Without attempting to defend the *Owens* case we do observe that it is distinguishable from the case now under consideration. In that case the court said:

'The article was not published about the Supreme Court, *but about certain members* of the Supreme Court * *. (Emphasis supplied.)

*     *     *     *     *     *

'We are not unmindful of the rule that one who publishes matter about a board or jury or family in its collective capacity assumes the risk of its being libelous.'

"One obvious distinction between the *Owens* case and the instant case is that the article by Fawcett in True magazine is levelled at the entire team.

"The rule that it is not necessary for plaintiff to be identified by name in the libelous article is lucidly explained in *National Ref. Co. v. Benzo Gas Motor Fuel Co.,* 20 F.2d 763, 55 A.L.R. 406, wherein it is said:

'*     *     * Whether an article is of a libelous character per se, and whether it has application to a particular party plaintiff, *are entirely distinct questions,* and should not be confused. The answer to the first question is to be found in the article itself. The answer to the second question is to be found in the

proof supporting proper allegations in the complaint. Those proofs may consist of either of the article itself, *or of extrinsic* evidence.' (Emphasis supplied.)

"The statement just quoted is in harmony with 12 O.S.1961 §§ 303 and 1444, and the better reasoned decisions from this and other courts. See *Chapa v. Abernathy,* Texas Civil Appeals, 175 S.W. 166; *E. I. DuPont de Nemours & Co. v. Nashville Banner Pub.,* 6 Cir., 12 F.2d 231; and annotation appearing in 91 A.L.R. at pages 1163, 1169, and 1171.

\*   \*   \*   \*   \*   \*

"We hold, in answer to Fawcett's second proposition, that since the article is libelous on its face without the aid of extrinsic facts to make it so, it is libelous per se; that the article libels every member of the team, including the plaintiff, although he was not specifically named therein; that the average lay reader who was familiar with the team, and its members, would necessarily believe that the regular players, including the plaintiff, were using an amphetamine spray as set forth in the article; that the article strongly suggests that the use of amphetamine was criminal; and that plaintiff has sufficiently established his identity as one of those libeled by the publication."

Here, there were only two "other people indicted by the Federal Grand Jury", Appellant-Plaintiff herein and Ross Cummings. Thus, we find that Appellant has sufficiently established his identity as one of those libeled by the publication to sustain this action.

The Trial Court's order granting Appellees' demurrer is reversed and the case is remanded for trial.

HODGES, C. J., WILLIAMS, IRWIN and SIMMS, JJ., and DWAIN BOX, Special Justice, concur.

LAVENDER, V. C. J., and BERRY and DOOLIN, JJ., dissent for reasons expressed in Dissent in Case of *Winters v. Morgan, et al.,* 1978, 576 P.2d 1152.

The Honorable DWAIN BOX was assigned to act as a Special Justice in this case instead of the Honorable DENVER N. DAVISON, who certified his disqualification.