Leo WINTERS, Appellant,

v.

William MORGAN, Andrew Morgan and Hughes County Publishing Company, Inc., Appellees.

No. 49929.

Supreme Court of Oklahoma.

Feb. 28, 1978.

Rehearing Denied April 19, 1978.

Carl Michael Smith, Oklahoma City, for appellant.

Daugherty & Heath, Holdenville, for appellees.

BARNES, Justice:

Leo Winters (Winters), Appellant, brought suit for libel against William Morgan, Andrew Morgan, and Hughes County Publishing Co., Inc. (newspaper), Appellees. The libel is based on a published editorial. Trial Court sustained a general demurrer to the petition, and subsequently dismissed with prejudice. Winters appeals.

This appeal deals with the principal issue of the sufficiency of the petition. That petition identifies the parties defendant to the newspaper. The plaintiff then alleges:

"IV

"That on July 2, 1973, the Defendants, wrote, caused to be written, published and caused to be published an editorial in the 'Calvin Chronicle' which accused this Plaintiff of being guilty of commission of a crime against the laws of the United States.

"V

"That said statement contained in said editorial was premeditated, unprivileged, grossly untrue, vicious, malicious and damaging to the good character and moral reputation of this Plaintiff and libelous per se.

"VI

"That as a result of the publication of said editorial, this Plaintiff has been exposed to public hatred, contempt, ridicule, and obloquy and has been deprived of the public confidence which he theretofore enjoyed; that the said editorial was written, published and disseminated by the said Defendants herein, well knowing the same to be false, or unwilling to ascertain the true facts concerning the guilt or innocence of this Plaintiff; that said editorial was written, published and disseminated with reckless and wanton disregard of the rights of this Plaintiff.

"VII

"That this Plaintiff has been severely damaged by said libelous statement contained in said editorial, entitling him to judgment against the Defendant, jointly and severally for general and punitive damages."

The petition prays for a stated sum as actual damages and a like amount as punitive damages.

The published editorial read:

"JUSTICE IS NOT PROVINCIAL

"ABOUT THE ONLY thing hotter than our recent summer temperatures has to be the Watergate hearings in Washington, D. C., and the 'Wintergate' stories.

"We can't for the life of us believe a federal district judge would rule that newspaper articles and TV and radio coverage has been so biased against State Treasurer Leo Winters in Oklahoma City that he and the others charged would not receive a fair trial in Oklahoma City.

"PEOPLE OUT here in the country can not only read, but they do see and hear the same metropolitan newspapers and broadcast media as their city cousins.

"For some years, the courts and publicity-shy attorneys have sought to restrict the press—a violation of our constitution and the Bill of Rights.

"IF THE WATERGATE hearings become a court case, we wonder what part of the world will be heard? Certainly, everyone throughout this nation and a goodly number of people in the other English speaking countries are watching and reading of the incident.

"STATE TREASURER Leo Winters and all of the other people indicted by the federal grand jury recently are just as guilty in Guymon in the panhandle, Idabel in Southeastern Oklahoma, Bartlesville in the northeast, Lawton in the southwest, or right smack in downtown Oklahoma City.

"Seeking out possible weak juries or less fair federal judges is not the American Way of justice . . . ."

Winters argues the petition is sufficient, for it states what the defamatory matter was; it was published of the plaintiff; and

general damages were alleged to have been caused thereby. 12 O.S.1971, § 1444.

With this statute in existence, case law of this jurisdiction has long held special damages must be alleged where the words published were not libelous per se.[1] This Court by syllabus in *Edwards v. Crane*, Okl., 292 P.2d 1034 (1956), said:

"In an action for libel if the alleged defamatory words are not actionable upon their face and there is no allegation of special damages it is not error for the trial court to sustain a demurrer to the petition and enter judgment of dismissal."

Here, the petition contains no allegations as to special damages. The plaintiff alleges he is entitled to judgment against the defendants for general and punitive damages only. Therefore, to be actionable the language must be libelous per se. If not libelous per se, the Trial Court was correct in sustaining defendants' demurrer.

We now examine the writing, as it is always a question for the Court to determine as a matter of law whether or not the article was libelous per se. *McKenney v. Carpenter*, 42 Okl. 410, 141 P. 779 (1914). The entire editorial needs to be examined. That is what was published. Language out of context may have a different meaning than the same language within the four corners of the editorial. *Wiley v. Oklahoma Press Pub. Co.*, 106 Okl. 52, 233 P. 224 (1925).

Here, the editorial stated that State Treasurer Leo Winters was just as guilty in small towns as he was in Oklahoma City. If the writer had wanted to indicate that the juries were just as fair in the country as in the city, he could have said that he was just as innocent or guilty in the country as he was in the city. On the contrary, the next paragraph was designed to nail down

his guilt by insinuating that he was seeking weak juries or a less fair Federal Judge to acquit him even though he was guilty.

After considering the article in its entirety, its thought, ideal, impression, or opinion conveyed to the reader of the same, we find that the article, when so considered, engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt and obloquy. See *Hargrove v. Oklahoma Press Publishing Co., supra.*

The logical conclusion of a reader is that the plaintiff is guilty of the crime of which he has been charged and that he is seeking a weak Judge or incompetent jury that will acquit him in spite of his guilt. We find that the language is libelous per se.

We next consider defendants' contention that the editorial was a privileged communication. Since we have heretofore found that the article was libelous per se, i. e., falsely imputed the commission of a crime to a public officer, there is no privilege. 12 O.S.1971, § 1443, provides in part as follows:

" * * * Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto, and criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, *except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized.* * * * *" (Emphasis ours).

The Trial Court's order granting Appellees' demurrer is reversed and the case is remanded to the Trial Court for trial.

HODGES, C. J., WILLIAMS, IRWIN and SIMMS, JJ., and DWAIN BOX, Special Justice, concur.

---

1. Illustrative of these authorities, with no attempt to be exhaustive are: *Haynes v. Alverno Heights Hospital*, Okl., 515 P.2d 568, 569 (1973); *Carpenter v. Renner*, 158 Okl. 153, 12 P.2d 688 (1932); *Shaffer v. Huff*, 158 Okl. 256, 13 P.2d 108 (1932); *Owens v. Clark*, 154 Okl. 108, 6 P.2d 755 (1931); *Wimmer v. Oklahoma Pub. Co.*, 151 Okl. 123, 1 P.2d 671 (1931); *Hargrove v. Oklahoma Press Pub. Co.*, 130 Okl. 76, 265 P. 635 (1928); *Missouri, K. & T. Ry. Co. v. Watkins*, 77 Okl. 270, 188 P. 99 (1920).

LAVENDER, V. C. J., and BERRY and DOOLIN, JJ., dissent.

The Honorable DWAIN BOX was assigned to act as a Special Justice in this case instead of the Honorable DENVER N. DAVISON, who certified his disqualification.

LAVENDER, Vice Chief Justice, dissenting:

While better language could have been chosen, the editorial, in my opinion, is not libelous per se. Here, the editorial found it difficult to understand why Winters could not have as fair a trial in Oklahoma City as in any other part of the state due to news media coverage. The same newspapers and television broadcasts were available to the people of Oklahoma both in and out of Oklahoma City. Winters would be just as guilty in one part of the state as the other. It does not state Winters was guilty. It is not libelous per se.

There are three classes as to words charged to be libelous: (1) Those not possible of defamatory meaning; (2) those reasonably susceptible of both a defamatory and an innocent meaning; and (3) those clearly defamatory on their face. *Fite v. Oklahoma Pub. Co.*, 146 Okl. 150, 293 P. 1073 (1930).[1] I would place the published editorial here in the second class. It may have been defamatory by reason of the ambiguity of the words used. The editorial is not susceptible to only one meaning so as to be clearly defamatory on its face, and is not libelous per se.

With the petition containing no allegations as to special damages and the determination the editorial was not libelous per se, the trial court did not err in concluding the petition was insufficient.

I dissent.

1. "Syllabus by the Court

"Words charged to be libelous fall into one of three classes: First, those that cannot possibly bear a defamatory meaning; second, those that are reasonably susceptible of a defamatory meaning, as well as an innocent one; third, those that are clearly defamatory on their face. The second class are those

I am authorized to state that BERRY and DOOLIN, JJ., concur in the views herein expressed.

words that are reasonably susceptible of a defamatory meaning, as well as an innocent one, and may be made defamatory by reason of their ambiguity, or by pleading certain extrinsic facts connecting said facts with the publication and by pleading that the article was meant and understood by the general public to have such a meaning, and that the general public so construed the publication."