William MORGAN, Andrew Morgan, and Hughes County Publishing Company, Inc., Petitioners,

v.

Leo WINTERS, Respondent.

William MORGAN, Andrew Morgan, and Hughes County Publishing Company, Inc., Petitioners,

v.

Robert G. GROVE, Respondent.

William MORGAN, Andrew Morgan, and Hughes County Publishing Company, Inc., Petitioners,

v.

Ross W. CUMMINGS, Respondent.

Nos. 52773, 52774 and 52775.

Supreme Court of Oklahoma.

May 15, 1979.

J. C. Daugherty, Daugherty & Heath, Holdenville, for petitioners.

Robert G. Grove, Tom M. Cummings, of Grove & Grove, Oklahoma City, for respondents.

BARNES, Justice:

In three separate actions, Supreme Court cases Nos. 52,773, 52,774, and 52,775, the Petitioners, William Morgan, Andrew Morgan, and the Hughes County Publishing Company, Inc., have petitioned this Court asking us to grant certiorari and review a Certified Interlocutory Order of the trial court, in which the trial court granted summary judgment on the question of liability in three consolidated libel suits brought against the Petitioners by Leo Winters, Robert G. Grove, and Ross W. Cummings, Respondents, in the proceeding before us.

In February of last year, this Court ruled upon the sufficiency of the petitions in the libel actions, and at that time, holding that the petitions did state a cause of action, remanded the cases for further trial. In holding that the petitions involved did state a cause of action, we held that the alleged libelous statements constituted libel per se, and therefore the petitions stated a cause of action, despite the fact that no allegations of special damages were present.[1]

Upon remand, the Petitioners, the defendants below, filed their answers, in which, in addition to a general denial, they specifically denied that any malice, either express or actual, was present at the time of the publication.

In granting summary judgment in favor of Mr. Winters, Mr. Grove and Mr. Cummings, the trial court held that although malice is one of the elements of libel, ". . . the Supreme Court of the State of Oklahoma, in determining the Editorial was 'libelous per se', ruled that malice and other elements of libel are proven without any additional evidence." This being the case, ruled the trial court, the plaintiffs have sustained their burden on the question of liability, and the only issue remaining to be decided in the trial court was the ques-

---

1. See *Winters v. Morgan*, Okl., 576 P.2d 1152 (1978), and *Grove v. Morgan*, Okl., 576 P.2d 1155 (1978).

tion of damages. This order of the trial court was certified to this Court on an interlocutory basis, and, because we found that an immediate review of that order will materially advance the ultimate determination of the litigation, we granted a Writ of Certiorari, in order to review the Certified Interlocutory Order, pursuant to the provisions of 12 O.S.1971, § 952, Subdiv. (b)(3), and Rule 1.50 et seq., of the Rules of Civil Appellate Procedure.

 The question before us is whether the defense * of lack of malice is appropriate in a situation in which the libelous statements involved have been held, as a matter of law, to be libelous per se—that is, libelous on their face. Respondents Winters, Grove, and Cummings argue that such a defense is not proper, as malice will be imputed or presumed where a defamatory publication is libelous per se. In support of this proposition, the Respondents rely solely upon a discussion of *legal malice* found at 50 Am.Jur.2d, Libel & Slander, § 174. In making this argument, the Respondents have failed to recognize a vital distinction between *legal malice* discussed in that Am. Jur. Section, and *actual malice* in the constitutional sense, first discussed in *New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)*.

In *New York Times v. Sullivan, supra,* the United States Supreme Court held for the first time that the constitutional guarantees of the First and Fourteenth Amendments require a Federal rule that prohibits public officials from recovering damages for defamatory falsehoods relating to their official conduct unless the official proves that the statements were made with "actual malice". The Court then went on to define "actual malice" as "with knowledge that it was false or with reckless disregard of whether it was false or not." [2]

In the case before us, it is clear that Mr. Winters, a public official, must, under the rules set forth in *New York Times v. Sullivan, supra,* show *actual malice* in order to recover. This actual malice is quite different from the legal malice referred to in the discussion relied upon by the Respondents, in presenting their argument that malice is presumed when the defamatory publication is libelous per se. Indeed, the very Am.Jur. Section that the Respondents rely upon, and the cases cited therein, clearly established that legal malice is not necessarily inconsistent with an honest or even laudable purpose, and does not imply ill will, personal malice, hatred, or a purpose to injure. Thus, we hold that the law relied upon by the Respondents is inappropriate to the situation before us. Indeed, even a cursory examination of the United States Supreme Court cases dealing with the requirement of malice in libel and slander actions involving public officials or public figures clearly demonstrates that any presumption of "actual malice" would be constitutionally impermissible, as such a presumption would negate the protection guaranteed by the First and Fourteenth Amendments, which justify the Federal rule requiring a showing of actual malice.

In point of fact, most of the Supreme Court cases in this area involve libel per se situations. Yet, despite this, the Court required that "actual malice" be shown. In *New York Times v. Sullivan, supra,* the libelous statements involved were clearly libelous per se, as the plaintiffs were accused, among other things, of bombing Dr. Martin Luther King's home, of almost killing Dr. King's wife and children, and of assaulting Dr. King. Likewise, in *Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967)*, the defamatory statements were clearly libelous per se, as the plaintiff was accused of "fixing" a football game. Additionally, in both *Gertz v. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)*, and *Time, Inc. v.*

---

* Although we refer (as the parties did) to lack of malice as a defense, we do not mean to suggest that there is a burden upon a defendant to prove lack of malice as an affirmative defense. Rather, the burden is upon the plaintiff to

prove that malice was present as part of his or her prima facie case.

**2.** 376 U.S. 254, at 279–280, and 84 S.Ct. 710, at 726, 11 L.Ed.2d 686, at 706 (1964).

*Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976)*, the defamatory statements involved were libelous per se. In *Gertz*, the plaintiff was accused of being the architect of a "frame-up" of a police officer and was accused of having a criminal record and belonging to Leninist and Communist front organizations. In *Time, Inc. v. Firestone, supra*, Mrs. Firestone was accused of extreme cruelty and adultery. The defendant magazine also reported that there was " 'enough testimony of extramarital adventures . . ., said the judge, "to make Dr. Freud's hair curl." ' " In all of these cases, the statements involved were libelous per se, yet the Court sought to determine whether the plaintiffs were public officials or public figures, and, if they were found to be so, required that "actual malice" be proven. If such "actual malice" were legitimately presumed in libelous per se situations, the United States Supreme Court would not hold that "actual malice" need be shown, for it would have been presumed because of the nature of the libelous statements involved. This, however, was not the case, and accordingly we find no merit to the Respondents' argument.

Additionally, we would note that in our recent case, *Martin v. Griffin Television, Inc., Okl., 549 P.2d 85 (1976)*, we held that under the authority of *New York Times v. Sullivan supra; Curtis Publishing Co. v. Butts, supra*, and *Gertz v. Welch, supra*, the statutory presumptions of malice found at 12 O.S.1971, §§ 1443, 1444, and 1445, were unconstitutional. Thus, Respondents cannot rely upon any presumptions of malice under our statutory provisions.

As "actual malice" is not and cannot be presumed in libel actions involving public officials or public figures, and as the trial court engaged in such a presumption in granting a judgment, we must reverse the summary judgment entered by the trial court and remand the case for trial below. In so ruling, we note that lack of malice *may* or *may not* only be a defense as against Respondent Winters, as he is the only defendant who is admittedly a public figure or official. This is so, for no adjudication has been made as to whether Mr. Grove or Mr. Cummings are public figures. Therefore, we cannot today find that they are public figures. We would, however, note that even in cases in which plaintiffs are private individuals, actual malice must be shown by such plaintiffs in order to entitle them to punitive damages.

For the above stated reasons, we hold that the trial court erred in granting summary judgment on the question of liability in favor of the respondents Winters, Grove and Cummings. For this reason, we remand the case to the trial court for adjudication on the merits.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.