## BRATCHER v. GERNERT et al.

No 6996—Opinion Filed Dec. 9, 1919.

(Syllabus by the Court.)

**1. Libel and Slander—Libelous Language.**

Language used in a newspaper article which, when given its ordinary, natural, and obvious meaning, exposes the person concerning whom it is used to public hatred, contempt, ridicule, or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, is libelous and actionable.

**2. Same—Words Libelous Per Se—Issues and Proof.**

Where the words employed in an alleged libelous article, taken in their most natural and obvious sense, are defamatory per se, the person concerning whom they are published is entitled to recover without alleging and proving special damages.

Error from District Court, Washita County; James R. Tolbert, Judge.

Action by J. W. Bratcher against H Gernert and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Swan C. Burnette, for plaintiff in error.

A. M. Beets and T. A. Edwards, for defendants in error.

RAINEY, J. This action was instituted in the district court of Washita county by J. W. Bratcher, as plaintiff, against H. Gernert and R. K. Gernert, for damages based upon an alleged false publication. The defamatory matter alleged to have been published is as follows:

"When it was announced that Cloud Chief was going to have an agricultural fair a few small bore fellows began knocking on it. The fair has grown and will be a success in spite of them. And now one of them, J. W. Bratcher, by name, is attempting to hang on to the tail and says he is going to put up a stand at this fair, also is offering for sale stand rights to others.

"This man claims to be in favor of better live stock, yet, when we invited him to help in this fair he turned us down and set in to damage the enterprise and now he has the gall to attempt to set up a stand at this same fair. His stock may be all right, but

the man is not, and the people who believe in fair play will not patronize him next breeding season.

"Now, in regard to stand rights, this fair is absolutely free. No charges of any kind will be made. At nearly every other fair you pay to get in and exhibit your stock.

"It will take over $300 to pay premiums and get buildings and grounds ready, and because we try to realize part of this by selling stand rights a few selfish, ignorant, prejudiced fellows are knocking on the biggest educational event ever pulled off in this part of the county.

"Now, we ask all fair minded, public spirited citizens to ignore Bratcher and his kind at this fair. Patronize the stands whose profits go to pay the expenses to hold this fair. Ask all your friends and everyone that comes to the fair to hand Bratcher what's coming to him."

The defendants, in their answer, admitted the publication, but denied that the language used was libelous, and alleged that the matter so published was a just, fair, and reasonable criticism and comment upon the public acts, attitude, and conduct of the plaintiff concerning the Cloud Chief fair, which was a public enterprise for the exhibition of live stock and farm products, to be held in Cloud Chief, Washita county, Oklahoma, and that said publication was, therefore, privileged. They further pleaded that the matter published of and concerning the plaintiff was true, and that plaintiff's action was malicious and without reasonable provocation. At the trial the court sustained a demurrer to plaintiff's evidence and rendered judgment in favor of the defendants, dismissing plaintiff's action. Plaintiff did not prove any special damages, and it appears that the demurrer was sustained by the trial court on the theory that the article was not libelous per se, which made it incumbent upon plaintiff to prove such damages.

To reverse the action of the district court the plaintiff contends, first, that the article is libelous per se; and, second, that it is not a privileged publication.

Under section 4956 of our Code (Rev. Laws 1910) a publication is libelous if it exposes the plaintiff "to public hatred, contempt, ridicule, or obloquy and which tends to deprive him of public confidence or to injure him in his occupation. * * *" If the language of the publication is such that the words, taken in their most natural and obvious sense, are defamatory and expose the plaintiff to public hatred, contempt, ridicule, or obloquy, or tend to deprive him of public confidence, or to injure him in his occupation, they are libelous per se, and the plaintiff would be

entitled, under section 4959, Rev. Laws 1910, to recover general damages, although no special damages were pleaded or proved. Spencer v. Minnick, 41 Okla. 613, 139 Pac. 130; Kelly v. Roetzel, 64 Oklahoma, 165 Pac. 1150; Kee v. Armstrong, Byrd & Co., 75 Oklahoma, 182 Pac. 494. Under the last-named section the truthfulness of the publication is a matter of defense. Moreover, the plaintiff testified, in substance, that he had done nothing to interfere with or prevent the success of the fair, but, on the contrary, had assisted in making it a success, and for the purpose of the demurrer the falsity of the charge is admitted. Without extended comment we deem it sufficient to say that it conclusively appears from the words used that the gist of the article is: that the plaintiff is not a public spirited citizen; that he is seeking to take advantage of and to profit by the industry and public enterprise of other citizens of his community; and that he is unworthy of confidence and should not be patronized by the public. These accusations, in our opinion, expose him to public hatred, and contempt, and certainly tend to deprive him of public confidence and to injure him in his occupation. The court, therefore, erred in sustaining the demurrer to his evidence.

Section 4958, Rev. Laws 1910, defines what are privileged publications, and the one on which this action is based does not fall within any of the three classes therein named.

The cause is, therefore, reversed and remanded, with directions to the trial court to grant plaintiff a new trial.

KANE, JOHNSON, McNEILL, and BAILEY, JJ., concur.