## WIMMER v. OKLAHOMA PUB. CO. et al.

No. 20100. Opinion Filed Sept. 8, 1931.

F. H. Reily and A. J. Carlton, for plaintiff in error.

Rainey, Flynn, Green & Anderson and Abernathy, Howell & Whitesell, for defendants in error.

ANDREWS, J. The plaintiff in error commenced this action in the superior court of Pottawatomie county to recover from the defendants in error general damages for an alleged injury said to have been sustained by him through the publication of articles in the Oklahoma City Times and the Daily Oklahoman, two newspapers published and distributed by the defendants in error. The parties hereinafter will be referred to as plaintiff and defendants.

The defendants filed their demurrer to the plaintiff's petition on the ground that it failed to state facts sufficient to constitute a cause of action against the defendants or either of them. The court sustained that demurrer and entered its judgment accordingly. From that judgment the plaintiff appealed to this court.

The petition alleged that the defendants "did maliciously compose and publish in the said 'The Daily Oklahoman' of and concerning the plaintiff herein the false and defamatory matter following, to wit:

" 'SHAWNEE MAYOR IS "RUN" FROM MEETING.

" 'Invited Speaker Jeered Until He Leaves Building.

" 'Shawnee, Oct. 1,—(Special) — Mayor Neil Wimmer was "hooted" out of a meeting at which he was asked to speak Monday night.

" 'Mayor Wimmer was invited to follow Rev. C. Dallas Meade, representative of the citizens who seek 'to install the managerial

form of government, but when the mayor arose to speak, he was jeered until he became angry and sat down.

" 'When the citizens continued to cast slurring remarks and ask alleged insulting questions, Mayor Wimmer left the building.

" 'The meeting was held as one of a series to stir up interest for a court hearing which will begin October 8.' "

—and in the "Oklahoma City Times," "the false and defamatory matter following, to-wit:

" 'SHAWNEE MAYOR IS "RUN" FROM MEETING.

" 'Shawnee, Oct. 2—(Special) — Mayor Neil Wimmer was "hooted" out of a meeting at which he was asked to speak Monday night.

" 'Mayor Wimmer was invited to follow Rev. C. Dallas Meade, representative of the citizens who seek to install the managerial form of government, but when the mayor arose to speak, he was jeered until he became angry and sat down.

" 'When the citizens continued to cast slurring remarks and ask alleged insulting questions, Mayor Wimmer left the building.

" 'The meeting was held as one of a series to stir up interest for a court hearing which will begin October 8' "

—and "that each of the publications above alleged and set forth was false, malicious, and unprivileged, and that by means of said publications the plaintiff was, is, and has been injured in his reputation, business, and standing in the sum of thirty-five thousand ($35,000) dollars." The prayer of the petition was as follows:

"Wherefore, premises considered, plaintiff prays that he have judgment against the defendants and each of them in the sum of thirty-five thousand & no/100 ($35,000) dollars, and all costs of this action."

It will be noted that there was no allegation of special damage in the petition, and that there was no innuendo, colloquium, or explanatory circumstances stated in the petition.

The question for this court to determine is: Were the published articles libelous per se? If they were not, the action of the trial court in sustaining the defendants' demurrer to the plaintiff's petition was proper. Matthews v. Oklahoma Publishing Co., 103 Okla. 40, 219 Pac. 947; M., K. & T. Ry. Co. v. Watkins, 77 Okla. 270, 188 Pac. 99; Hargrove v. Oklahoma Press Publishing Co., 130 Okla. 76, 265 Pac. 635; Fite v. Oklahoma Publishing Co., 146 Okla. 150, 293 Pac. 1073.

In Hargrove v. Oklahoma Press Publishing Co., supra, this court held:

"Where a demurrer is interposed by the defendant to the petition of plaintiff, the demurrer only admits the truth of the facts pleaded, but does not admit the truth of the inference of the pleader based on the facts pleaded, unless the facts themselves are sufficient to authorize such inference"

—and said:

"As to whether the article herein is libelous per se, we must consider in our determination only the thought, idea, impression, or opinion conveyed to the reader of the same. If the article, when so considered, engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt, obloquy, it is libelous per se. Bratcher v. Gernert, 77 Okla. 12, 185 Pac. 1081; Phoenix Printing Co. v. Robertson, 80 Okla. 191, 195 Pac. 487; Wiley v. Oklahoma Press Publishing Co., 106 Okla. 52, 233 Pac. 224; Stevens v. Snow (Cal.) 214 Pac. 968; Choctaw Coal & Mining Co. v. Lillick (Ala.) 86 So. 383; Jones v. Greeley (Fla.) 6 So. 448.

"The publication cannot be measured by its effect when subjected to the critical analysis of a legal mind; it must be measured by its natural and probable effect upon the mind of the average lay reader."

In Wiley v. Oklahoma Press Publishing Co., 106 Okla. 52, 233 Pac. 224, this court held:

"Injury to reputation and not to the feelings of the individual is the subject of redress. The language in the alleged libelous article must be such as to tend to lower plaintiff in the estimation of men whose standard of opinion the court can recognize."

In Phoenix Printing Co. v. Robertson, 80 Okla. 191, 195 Pac. 487, this court held:

"The fact that a publication may be unpleasant and annoy or irk the subject thereof, and may subject him to jest or banter, so as to affect his feelings, is not, standing alone, sufficient to make it libelous. In order to be libelous it must tend to lower him in the opinion of men whose standard of opinion the court can properly recognize or tend to induce them to entertain an ill opinion of him."

See, also, Fite v. Oklahoma Publishing Co., supra.

We do not consider it necessary to discuss at length the applicable rules as, in our opinion, they were stated by this court in Fite v. Oklahoma Publishing Co., supra. In that case this court held:

"There is no fixed rule by which the court can determine whether or not a statement is

libelous per se, and the statement alleged to be defamatory must be examined before it can be determined whether or not it is libelous per se.

"The true rule is that where the publication alleged to be defamatory charges the plaintiff with nothing that he might not have legally and properly done, the same cannot be held to be libelous per se. * * *

"Words used in an article alleged to be defamatory are to be construed by the most natural and obvious meaning, and in the sense that would be understood by those to whom they were addressed.

"In determining whether the article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The article must be defamatory on its face 'within the four corners thereof, * * *

"Words charged to be libelous fall into one of three classes: First, those that cannot possibly bear a defamatory meaning; second, those that are reasonably susceptible of a defamatory meaning, as well as an innocent one; third, those that are clearly defamatory on their face. The second class are those words that are reasonably susceptible of a defamatory meaning, as well as an innocent one, and may be made defamatory by reason of their ambiguity, or by pleading certain extrinsic facts connecting said facts with the publication and by pleading that the article was meant and understood by the general public to have such a meaning and that the general public so construed the publication.

"It is not every written charge against an individual that will sustain a suit for damages, and, where the article itself is not libelous per se, there must be an allegation of special damages, before a recovery can be had."

When the petition in this case is measured by those rules, it is found to be entirely insufficient to state a cause of action against the defendants or either of them.

For that reason, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (4) 17 R. C. L. 312; R. C. L. Perm. Supp. p. 4244; R. C. L. Pocket Part, title "Libel and Slander," § 53; (7) L. R. A. 1917D, 205; 17 R. C. L. 287; R. C. L. Perm. Supp. p. 4239.