Glen E. THOMPSON, Plaintiff In Error,

v.

NEWSPAPER PRINTING CORPORATION, a Corporation, World Publishing Company, a Corporation, Tulsa Tribune Company, a Corporation and James A. Arnold, Defendants in Error.

No. 37844.

Supreme Court of Oklahoma.

May 13, 1958.

Hickman & Hickman, Tulsa, for plaintiff in error.

Byron V. Boone and Samuel A. Boorstin, Tulsa, for Newspaper Printing Corp.

Byron V. Boone, Tulsa, for World Pub. Co.

Samuel A. Boorstin, Tulsa, for Tulsa Tribune Co.

Houston, Klein & Davidson, Tulsa, for James A. Arnold.

CORN, Vice Chief Justice.

Glen E. Thompson brought this action against the Newspaper Printing Corporation, World Publishing Company, Tulsa Tribune Company and James A. Arnold alleging that he, the plaintiff, was the nominee of the Democratic Party for the office of County Assessor of Tulsa County at the general election held on November 6, 1956; that he had been elected to such office for two successive terms and was the incumbent at the time in question; that the defendant, James A. Arnold, was the Republican nominee for such office at said election; that the defendant, World Publishing Company was the proprietor and publisher of the Tulsa Daily World; that the defendant Tulsa Tribune Company was the proprietor and publisher of the Tulsa Tribune; that the defendant Newspaper Printing Corporation was engaged in the business of printing both newspapers, and was the agent of both newspapers and the owner of the advertising published, collecting the moneys paid by the advertisers and accounting to the corporations; that acting jointly with a common motive and design the advertisement in question was published in both newspapers the day before the election, which advertisement, designed maliciously, prepared, composed and published in both newspapers and concerning this plaintiff, contained certain false and defamatory matter in writing; that said publication was false, untrue and wholly misleading; that the caricature depicting him as taking money from the pocket of the taxpayers, and the false and untrue words, picture and innuendoes exposed plaintiff to public hatred, contempt, ridicule and obloquy,

and by reason thereof he was deprived of public confidence and injured in his occupation, reputation and standing in the community to his damage in the sum of $250,000; that said acts were oppressive and malicious whereby he is entitled to punitive damages for them in the sum of $250,000. Plaintiff prayed judgment against the defendants in the sum of $500,000. Attached to the petition, and made a part thereof, designated as Exhibits "A" and "B" were the advertisements published in each newspaper.

All defendants filed general demurrers to the amended petition for the reason that the allegations thereof, together with all reasonable inferences that might be drawn therefrom, do not constitute a cause of action in favor of the plaintiff.

The trial court sustained the demurrers as to each of the defendants. The plaintiff elected to stand on the amended petition. Judgment was duly entered in favor of each defendant, and against the plaintiff.

Libel is defined in 12 O.S.1951 § 1441, and, in so far as applicable in the matter before us, is as follows:

"Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, * * *".

As to privileged publication and presumption of malice in absence of privilege, 12 O.S.1951 § 1443, in part provides as follows:

"A privileged publication or communication is one made: * * * Third. * * *, and any and all criticisms upon the official of any and all public offices, except where the matter stated acts of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticised.

"In all cases of publication of matter not privileged under this section, malice shall be presumed from the publication, unless the fact and testimony rebut the same. No publication which, under this section, would be privileged, shall be punishable as libel."

12 O.S.1951 § 1444 provides:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby, and the plaintiff to recover shall only be held to prove that the matter was published or spoken by the defendant concerning the plaintiff. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

■ In approaching a consideration of the advertisement complained of in this case, it must be borne in mind that in a political campaign a candidate places himself and his record in a glass bowl, as it were, and an opponent is not necessarily confined in his attack to the usual proprieties between people in a society such as ours. A candidate for re-election must expect his record in office to be more or less X-rayed and the weaknesses, if any, found and broadcast to the public for its enlightenment. Criticisms of the official acts of such candidate are privileged. Section 1443, supra. Yet the latitude granted does not permit the false imputation of crime in such criticism. Neither does such latitude extend to the dissemination of false accusations, nor authorize criticism predicated upon false allegations of fact. No public good could result in the extension of the privilege in publications, in the last minute heat of political campaigns, to the false malignment of the good reputation of an individual, even though a candidate for public office. Oklahoma Publishing Co. v. Kendall, 96 Okl. 194, 221 P. 762. The liberty of every person and of the press to freely speak, write or publish his or its sentiments on all subjects, is guaranteed by the Constitution of the State of Oklahoma, Section 22, Article II, yet holding each responsible for the abuse of that right.

■ Turning now to the publication in question, and considering it in the light of 12 O.S.1951 § 1443, supra, the question as to whether it falls within the category of a privileged publication becomes the first and paramount matter for determination.

Across the top of the publication in bold letters appears the words, "Do You Ever Get The Feeling Your Pocket's Being Picked?" Below these words, in the center of the top third thereof appears the caricature of two men with their backs facing out, the one on the right has the head turned to the side, the part of the mouth shown indicating a grin, his right hand extended taking money from the hip pocket of the figure on his right. This figure is designated as "County Assessor Glen Thompson." The figure on the right has its left arm extended around the shoulders of the figure on its left, and is designated "Mr. Tulsa County Taxpayer." In the bottom of the left corner, in connection with another matter, appears the words, "* * *. Do you agree that Glen Thompson is a man dangerous to have in this position of authority?" At the bottom of the right side appears the words, "Political advertisement paid for by both Democrats and Republicans who have declared themselves as Friends of Fair Taxation and Decency in Government." Coupled therewith in the advertisement are statements as to the increase of taxes over the period of five years including the year 1956, and a statement in bold letters, "Do You Want Another 15% Increase In Your Taxes?" The picture of Thompson's home

with the statement that "Competent real estate appraisers say this house appears to be assessed at only "one-fifth of its actual value—not one-third, as is supposed to be the case of every other home owner in Tulsa County. Has County Assessor Glen Thompson overlooked something?"

Viewing the advertisement from its four corners it indicates that Glen Thompson, the County Assessor, by reason of the increased assessments on property during his tenure in office, has figuratively "picked" the pockets of the taxpayers, with the inference that such increase was unjustified and that he refused to consider the protests of citizens, possibly discourteously, with the added suggestion that at least some competent real estate appraisers would have appraised Thompson's home at a higher figure. than that listed on the assessment rolls.

Looking at the caricature and considering the words related thereto, together with the balance of the publication, no crime is imputed to the plaintiff. It amounts to a criticism upon the official acts of Thompson as County Assessor, taking the position that assessments have been unjustifiably raised. Such advertisement falls within the purview of the third sub-division of 12 O.S. 1951 § 1443, supra, and comes under the head of privileged publications.

The privilege, as to the criticism of the official acts of an official, does not extend to the right to publish false charges, however. Oklahoma Publishing Co. v. Kendall, supra.

■ The caricature and words contained in the publication, the basis for this action, taken as a whole clearly refer to the plaintiff, however to be actionable per se the language used therein must be susceptible of but one opprobrious meaning. Fite v. Oklahoma Publishing Co., 146 Okl. 150, 293 P. 1073; Tulsa Tribune Co. v. Kight, 174 Okl. 359, 50 P.2d 350; injury to reputation and not to individual feelings is the subject to redress. It must tend to lower the person in the opinion of men. Wimmer v. Oklahoma Publishing Co., 151 Okl. 123, 1 P.2d 671; Wiley v. Oklahoma Press Publishing Co., 106 Okl. 52, 233 P. 224, 40 A. L.R. 573. As herein indicated the caricature and words used, do not reach the statute of impugning the reputation of the plaintiff. The publication merely purports to depict the raising of property assessments, both real and personal by the County Assessor, an indication of a possible policy on his part to further increase such assessments and thereby increase the taxpayer's burden, an intimation of blunt refusal to consider taxpayer's protest and a suggestion that other competent appraisers would appraise the plaintiff's home for a greater amount. These statements, even if false, do not charge a breach of trust. Taken as a whole they are a criticism of the policies, and not charges of neglect of official duty or incompetency in his office, or malfeasance in his office or an attack upon his private character.

The publication, in actuality, charges nothing that he might not have legally and properly done, and is not libelous per se. Oklahoma Publishing Co. v. Kendall, supra. There is no allegation of special damages arising therefrom contained in the amended petition.

It is our opinion that the publication in question is privileged, and that the same is not libelous per se,. and that the demurrers thereto were properly sustained by the trial court.

Judgment affirmed.

DAVISON, HALLEY, JOHNSON, JACKSON. and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.