Virginia GENTRY, Plaintiff in Error,

v.

**WAGONER COUNTY PUBLISHING COM-PANY, an Oklahoma corporation, and Sam Whitson, Defendants in Error.**

No. 38640.

Supreme Court of Oklahoma.

March 22, 1960.

Rehearing Denied May 3, 1960.

See also 351 P.2d 718.

Brown & Garrison, Tulsa, for plaintiff in error.

Anthis & Gotcher, Muskogee, for defendants in error.

BERRY, Justice.

The parties who occupy the same relative position here as in the trial court will herein be referred to as they appeared in said court.

In this action plaintiffs seeks to recover damages from defendants because of an alleged libelous article which appeared in the Coweta Times Star. The article reads as follows:

"We was notified by our attorney, Paul Gotcher, that the $22,800.00 suit filed by L. C. Gentry against this newspaper has been dismissed.

"A suit filed by Virginia Gentry on the pretence of a back injury was dismissed sometime ago.

"Checking L. C. Gentry's record of previous employment it was found he was discharged from a job with a railroad company and then filed suit for damages against them and failed to collect. It seem to be a habit with him. Several of the local merchants here would have liked for him to have collected from us so maybe they could have collected their bills."

The defendants' demurrer to plaintiff's petition as amended was sustained. Upon plaintiff electing to stand on the allegations of her amended petition, her action was dismissed. Following said dismissal, plaintiff perfected this appeal which is on the original record.

In her brief plaintiff states the facts as follows:

"In their amended petitions, plaintiffs alleged that The Wagoner County Publishing Company, Inc., defendant, owned and published a weekly newspaper called the Coweta Times Star; that the defendant, Sam Whitson, was the Editor and Publisher of the said newspaper, and the Vice-President and Service Agent of the defendant corporation; that at all times and places mentioned in the petitions, the defendant, Sam Whitson was acting as the agent, servant and employee of the defendant corporation, The Wagoner County Publishing Company, Inc.

"Plaintiffs further allege that prior to the instant suit, there had been litigation arising out of the plaintiff's employment with the newspaper, which litigation had been concluded by a voluntary dismissal after the defendants had paid plaintiffs a good and valuable consideration therefor; that thereafter, on Thursday, August 21, 1958, the defendants printed, published and distributed to subscribers in Tulsa County, Oklahoma, copies of their newspaper which contained the following false or malicious unprivileged publication which exposed plaintiffs to public hatred, contempt, ridicule or obloquy and which tends to deprive them of public confidence, and injures them in their occupation, to-wit: (plaintiff quotes the article heretofore quoted).

"Plaintiffs allege general damages in the sum of $10,000.00 each, and further alleging that the said article was maliciously published without justifiable cause with the intent to injure plaintiffs, and ask $5,000.00 exemplary damages against each defendant.

"To these amended petitions, the defendants demurred. On March 13, 1959, the trial court sustained said demurrers. Plaintiffs duly excepted and elected to stand on their amended petitions giving notice of their intentions to appeal on the original records."

The defendants admit in their brief that plaintiff correctly stated the facts in her brief.

The parties are in agreement on the proposition that plaintiff only stated a cause of action in her amended petition if the article in controversy is in fact libelous per se. Plaintiff contends that the article is libelous per se and defendants contend to the contrary.

Libel is defined in 12 O.S.1951 § 1441, as follows:

"Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends."

In the first paragraph of the syllabus to Tulsa Tribune Co. v. Kight, 174 Okl. 359, 50 P.2d 350, this Court said that "The term 'per se' means by itself; simply as such; in its own nature without reference to its relation; and, in connection with slander and libel, the term is applied to words which are actionable because they, of themselves, without anything more, are opprobrious. In other words, a publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as whole, refer to the plaintiff and not to some other person."

This Court in keeping with the provisions of Section 1441, supra, has held that language used in a newspaper article which, when given its ordinary natural obvious meaning, exposes the person concerning whom it is used to public hatred, contempt or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, is libelous per se and actionable. See Dusabek v. Martz, 121 Okl. 241, 249 P. 145, 49 A.L.R. 253; Bratcher v. Gernert, 77 Okl. 12, 185 P. 1081; and Oklahoma Pub. Co. v. Tucker, 124 Okl. 202, 254 P. 975.

This Court has also held that where words employed in an alleged libelous article, taken in their most natural and obvious sense, are defamatory per se, the person concerning whom they are published is entitled to recover without alleging and proving special damages. See last above-cited case and Lindley v. Delman, 166 Okl. 165, 26 P.2d 751.

The fact that the article does not charge plaintiff with a crime is of no significance. Oklahoma Pub. Co. v. Kendall, 96 Okl. 194, 221 P. 762; West Texas Utilities Co. v. Wills, Tex.Civ.App., 135 S.W.2d 138; 53 C.J.S. Libel and Slander § 121, p. 199. In the authority second above cited, a statement by the employer's chief engineer to the effect that an employee was faking an injury in an effort to recover compensation insurance and wages was held slanderous per se.

The only statement in the article in controversy that directly affects and refers to plaintiff is the statement that "a suit filed by Virginia Gentry on the pretence of a back injury was dismissed sometime ago". The matter of whether the quoted statement is libelous per se depends upon the meaning that should be given the word "pretence" as used in said statement. In Webster's New International Dictionary, Second Edition, the word "pretence" is defined in part as follows:

"1. A claiming or a claim made; now, usually, a claim or pretension not supported by fact even when indicated outwardly; as, a book without any *pretense* to style.

"6. Act of holding out or offering to others something false or feigned; presentation of what is deceptive or hypocritical; deception by showing what is unreal and concealing what it real; false show; simulation; as, *pretense* of illness; under *pretense* of patriotism."

Defendants contend that the first above-quoted definition should be given the word "pretense" as used in the article; that the words "pretense" and "claim" are synonymous words and that if the word "claim" is

substituted for the word "pretense" the article is obviously not libelous per se. Plaintiff contends that the word "pretense" as used in said article should be given the definition last above quoted; that when this is done it is obvious that defendants intended to say that plaintiff asserted a false and groundless claim in her action against defendants; that this was the reason the action was dismissed and that the article is therefore libelous per se. The words under consideration are defined in 72 C.J.S. p. 495, thus:

"Pretense or Pretence. A holding out, or offering to others something false and feigned; a ruse or wile masking ulterior design; a show, or a holding forth in form, of something which does not, in fact, exist; that which is advanced or displayed for the purpose of concealing the reality. It sometimes may be used to imply sham, falsity, and groundlessness."

We are of the opinion that the language used in the article clearly shows that defendants intended to say that plaintiff filed an action against them which was based upon a false claim that she had sustained a back injury while in their employ, and that the action was in fact dismissed because her claim to a back injury was false and groundless. To our way of thinking, the statements made in the article exposed plaintiff to "public hatred, contempt or obloquy" and tended to deprive her of "public confidence" (See Section 1441, supra), and the article is therefore libelous per se. The trial court therefore erred in sustaining defendants' demurrer to plaintiff's amended petition and in dismissing her action.

Reversed.

WILLIAMS, V. C. J., and WELCH, BLACKBIRD and JACKSON, JJ., concur.

DAVISON, C. J., and HALLEY, JOHNSON and IRWIN, JJ., dissent.