L. C. GENTRY, Plaintiff in Error,

v.

WAGONER COUNTY PUBLISHING COMPANY, an Oklahoma corporation, and Sam Whitson, Defendants in Error.

No. 38641.

Supreme Court of Oklahoma.

March 22, 1960.

Rehearing Denied May 3, 1960.

Brown & Garrison, Tulsa, for plaintiff in error.

Anthis & Gotcher, Muskogee, for defendants in error.

BERRY, Justice.

For the purpose of briefing, this action was consolidated with appeal No. 38,640, Okl., 351 P.2d 715.

In this action plaintiff seeks to recover damages from defendants because of alleged libelous statements made in the newspaper article which is quoted in No. 38,640. The plaintiff contends that said article is libelous per se and admits that if the article is not libelous per se he failed to state a cause of action in his amended petition. The defendants contend that the article is not libelous per se.

The trial court sustained defendants' demurrer to plaintiff's amended petition. Upon plaintiff electing to stand on said petition, his action was dismissed. Following dismissal, plaintiff perfected this appeal.

The facts bearing upon plaintiff's claim of error on the trial court's part are set forth in No. 38,640.

As we understand plaintiff's position he only contends that the following quoted portion of the article is libelous per se:

"We was notified by our attorney, Paul Gotcher, that the $22,800.00 suit filed by L. C. Gentry against this newspaper has been dismissed.

\* \* \* \* \* \*

"Checking L. C. Gentry's record of previous employment it was found he was discharged from a job with a railroad company and then filed suit for damages against them and failed to collect. It seem to be a habit with him. Several of the local merchants here would have liked for him to have collected from us so maybe they could have collected their bills."

As we read the above-quoted portion of the article, defendants intended to convey the thought to the readers thereof that (1) plaintiff filed an action against defendants which he dismissed, therefore, collected nothing because of the action; that (2) plaintiff had theretofore filed a lawsuit against a former employer in connection

with which he collected nothing; that (3) plaintiff was either in the habit of suing former employers which was shown by his filing two lawsuits or by innuendo that (4) plaintiff was in the habit of filing vexatious lawsuits which was evidenced by his filing two lawsuits in connection with which he collected nothing.

 In determining whether the newspaper article in controversy is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. Edwards v. Crane, Okl., 292 P.2d 1034, 1036, and cited cases.

If the statements made in the article charged plaintiff with instituting lawsuits based upon a false and groundless claim, the article is libelous per se. See opinion in No. 38,640. However, if the article merely charged that plaintiff on two occasions sued former employers and in each instance failed to recover, the article is not libelous per se.

It is a matter of common knowledge that plaintiffs often fail to recover in lawsuits instituted in the utmost good faith and which suits could not be considered as frivolous. The law and the public recognize that it is the privilege of a person to prosecute an action that is thought to have merit and failure to recover on an alleged action is not considered as reflecting on the person prosecuting the action. Therefore, to merely charge in a newspaper article that a person has in fact done that which he is privileged to do (institute a lawsuit or lawsuits) and that he failed to recover (which is often the case) does not expose the person referred to in the article to "public hatred, contempt, * * * or obloquy" or tend to deprive him of "public confidence". See 12 O.S.1951 § 1441. In Holway v. World Pub. Co., 171 Okl. 306, 44 P.2d 881, 882, this is said in the second paragraph of the syllabus:

"The true rule is that where the publication alleged to be defamatory charges the plaintiff with nothing that he might not have legally and properly done, the same cannot be held to be libelous per se."

A publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one. See third paragraph of syllabus to case last above cited. In our opinion, and as pointed out, the language used in the article is not susceptible of but one meaning which is opprobrious.

We are of the opinion that the article in controversy as to plaintiff was not libelous per se and for said reason the trial court did not err in sustaining defendants' demurrer to plaintiff's amended petition and in dismissing plaintiff's action.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.