440 So.2d 588 (1983)
George Thomas BROWN, Appellant,
v.
TALLAHASSEE DEMOCRAT, INC., Appellee.
No. AN-360.
District Court of Appeal of Florida, First District.
October 12, 1983.
Rehearing Denied November 18, 1983.
Jon D. Caminez and Paul D. Srygley, Tallahassee, for appellant.
C. Gary Williams and Michael J. Glazer, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
*589 ROBERT P. SMITH, Jr., Judge.
Plaintiff Brown appeals from a circuit court judgment granting the defendant newspaper's motion to dismiss Brown's complaint asserting a cause of action for defamation. Considering the subject newspaper publication as a whole, including the text as well as the head-shot photograph of plaintiff Brown that accompanied it, the circuit court held as a matter of law that the publication "cannot provide the basis for a cause of action" by Brown against the newspaper, and so dismissed the complaint without opportunity to amend.
We confine our consideration to the merits of the judgment of dismissal on the ground stated, which is to say we consider only the facial sufficiency of the complaint, annexing the publication complained of. We do not reach other issues implied by the record of evidentiary matter presented to the circuit judge, nor those issues that might be decisive on a motion for summary judgment.
In reviewing the alleged defamatory effect of this publication, we assume that plaintiff was and is a private figure, as that categorical term is known to the law. We assume also that the complaint is amendable to allege that the false implication allegedly published was the result of negligence, that is, that the newspaper published the false implication without reasonable care as to whether the implication was true or false. See Miami Herald Publishing Co. v. Ane, 423 So.2d 376, 389 (Fla. 3d DCA 1983). Plaintiff Brown here claimed no ability to allege greater fault than negligence.
Under the headline, "Prosecution rests case in Madison murder trial," the defendant Democrat published a story, on page 4D of its December 13, 1979, edition, about a trial then concluding in the circuit court of Madison County, one of several north Florida counties in which the newspaper allegedly was circulated. The defendant in that murder trial was Larry Joe Johnson, accused of killing a Madison service station attendant. The reporter's account summarized the evidence adduced before the jury and reported that closing arguments and the court's charge would be delivered to the jury on the morning of publication.
The story was accompanied by a small head-shot photograph of this plaintiff, George Thomas Brown. The caption or cutline beneath the small photograph, one by one and a half inches, was the single name "Johnson," that of the accused in fact on trial. Neither the name of George Thomas Brown, nor other information misidentifying this plaintiff, appears in the article, and the text does not refer to the photograph.
By his complaint and by argument here plaintiff Brown urges that the mispublication of his photograph gives the article a defamatory implication, namely, that plaintiff Brown is guilty of or on trial for murder. The complaint alleges that "all persons reading the article assumed that Mr. Brown was guilty or was accused of a brutal murder."
If that implication is fairly present in the publication, or is debatably so, Ane, 423 So.2d at 389, the complaint is amendable by negligence allegations to state a cause of action, for it sufficiently alleges that the publication damaged plaintiff in his reputation, health and in other respects. Actual malice or some other fault greater than negligence is not required in a private figure's cause of action against a newspaper. Arguments for those standards are thoroughly treated by Judge Hubbart's opinion in Ane, and we do not revisit them here. See also Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983).
It is sound principle that an allegedly defamatory publication must be considered in its entirety rather than with an eye constrained to the objectionable feature alone. As the Fourth District recently held in Byrd v. Hustler Magazine, Inc., 433 So.2d 593, 595 (Fla. 4th DCA 1983), citing several authorities, "When words and pictures are presented together, each is an important element of what, in toto, constitutes the publication. Articles are to be considered with their illustrations; pictures are to be *590 viewed with their captions; stories are to be read with their headlines."
The matter in issue is libel per se, for innuendo as a predicate for libel per quod is irrelevant; it is not innuendo or pleaded extrinsic facts that are relied upon by plaintiff to lend defamatory meaning to the publication. Boyles, 431 So.2d at 635. Rather, plaintiff's clear-cut claim is that the publication itself, associating plaintiff's photograph with a murder trial story, conveys the defamation. The question, then, is whether that juxtaposition may have put ordinary readers in the sense that plaintiff George Thomas Brown, pictured in the article, was guilty of or on trial for murder.
The Democrat chooses to publish for those of ordinary discriminating powers, not exclusively for those who would know that the visage depicted was not that of the person named in the cutline and in the story; not exclusively for those who would regard the cutline caption as advertising the makeup editor's careless error. The Democrat also chooses to publish for readers whom it and other publishers have made wary of aliases and other suspicious habits of reputed criminals  those readers who despite personally knowing George Thomas Brown might attribute to the Democrat, whose reporter covered the Madison trial, greater knowledge of the accused's identity and appearance than that of any reader. In other words, we cannot disassociate the photograph of George Thomas Brown from the import of the story without dictating that the ordinary reader circumscribe his interpretation of the publication by doubt and disbelief. This we cannot do in law.
The controlling precedent would seem to be Miami Herald Pub. Co. v. Brown, 66 So.2d 679 (Fla. 1953). Though this case may end as that one did, deserving only nominal damages if any, that possibility does not arrest Brown's claim on motion to dismiss for failure to state a cause of action. We have reviewed all the authorities cited by appellee and find them uniformly distinguishable because the offending photograph was not identifiable, because the photograph was not intended to identify a particular person but only to illustrate a general point, or for similar reasons.
The complaint is amendable to allege negligence. The judgment is therefore
REVERSED.
SHIVERS and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We acknowledge the Democrat's point on rehearing, that for purposes of presuming damages from published matter defamatory on its face, the doctrine of libel per se was pronounced "no longer a viable doctrine" by From v. Tallahassee, Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981), pet. for rev. den., 412 So.2d 465 (Fla. 1982), since in all cases not involving actual malice "pleading and proof of actual injury are required" by Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
Our single reference to "libel per se" in the principal opinion is no resuscitation of presumed damages, as we trust the opinion elsewhere demonstrates; rather it is but recognition that here the alleged defamatory meaning may be considered fairly present on the face of this publication. Because that is so, the complaint does not require allegations of inducement and innuendo as explained by Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 635 (Fla. 5th DCA 1983).
The motion for rehearing is DENIED.
ROBERT P. SMITH, Jr., SHIVERS and WIGGINTON, JJ., concur.