454 So.2d 727 (1984)
Charles H. MADSEN, Jr., Appellant,
v.
Susanna Pierce BUIE, Appellee.
No. AW-367.
District Court of Appeal of Florida, First District.
August 16, 1984.
Rehearing Denied September 17, 1984.
*728 Robert E. Gibson, Tallahassee, for appellant.
Tom R. Hayward, Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant, Dr. Madsen, appeals the trial court's entry of a final summary judgment for appellee in appellant's defamation suit. We reverse.
Dr. Madsen holds a PhD in clinical psychology and child development and is a professor of psychology at Florida State University. He also is a founder and stockholder of a private psychological clinic in Tallahassee. This suit arose from a March 5, 1981 letter written by appellee to The Tallahassee Democrat newspaper. The letter appeared in edited form[1] in the Letters to the Editor section of the newspaper. The letter was written by appellee in response to an announcement[2] printed in The Tallahassee Democrat. In her letter, which was headlined by the newspaper "Beware of Parenting Classes," appellee wrote as follows:
IT IS WITH great concern that I read in the Feb. 6 paper that Dr. Charles Madsen, Jr., a member of the Florida State University Department of Psychology, is offering an education program for parents expecting a child by May 30. The course includes training in child development and child management skills.
It is very important for the public to understand that the behavior modification techniques that are advocated by this professor are not approved by either our government educational specialists in early childhood education or by our own mental health authorities, except in very narrow categories of use with severely retarded children.
The behavior modification techniques advocated by Dr. Madsen are the ones used in brainwashing prisoners of war and by the Russian communists in their efforts to reduce their people to roles of passive compliance and non-judgmental acceptance of the authority of their government.
These techniques are very effective but they are also very destructive of the human spirit. They are based on the false premise that human behavior is randomly oriented and incapable of coherent, intelligent growth and adaption to its environment, much less able to *729 achieve intelligent cooperation unless coerced to do so.
This false assumption has been disproved by extensive and brilliant scientific research. Young parents would be much safer to enroll in family life classes in the Department of Home Economics or in the School of Social Work where they would receive a much broader and more accurate base of understanding in the whole process of child development.
 SUSANNA PIERCE BUIE
In the pretrial stipulation, the attorneys for the parties agreed that the following questions of law existed: (1) Whether the letter constituted libel; (2) Whether the letter constituted libel per se; and (3) Whether appellant can be categorized as a public figure. Finding no genuine issue of material fact, the trial judge entered summary judgment in answer to those questions, ruling that the letter was merely an expression of opinion and therefore the statements made therein are not actionable as libel. Having found the statements not to be libelous, the court recognized that resolution of the question of whether appellant was a public figure was unnecessary but for purposes of appeal the court did resolve that issue. The court found that appellant was a public figure for the limited purpose of this action since appellant is an outstanding authority in the field of psychology and has authored a number of books and articles, and since the letter clearly discloses that it was written in response to an "advertisement" placed in the newspaper by appellant. We disagree with the trial judge's rulings.
We first address the question of whether the statements in the letter amounted to mere opinion, which is privileged and protected comment under the First Amendment. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); From v. Tallahassee Democrat, Inc., 400 So.2d 52 (Fla. 1st DCA 1981); Smith v. Taylor County Publishing Company, Inc., 443 So.2d 1042 (Fla. 1st DCA 1983); Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983). We find that appellee's statements did not constitute pure opinion but, at most, were a mixed expression of opinion. In From, the court distinguished between pure expression of opinion and mixed expression of opinion, stating:
Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public. Mixed expression of opinion occurs when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have not been stated in the article or assumed to exist by the parties to the communication. Restatement (Second) of Torts, § 566, pp. 171-172. At 57.
See also Smith and Gellert. The statements made in appellee's letter reasonably may be understood to imply the assertion of undisclosed facts and, considered in their totality, they bear a defamatory meaning. Mixed expression of opinion is not constitutionally protected and therefore is actionable. Smith; Gellert.
Having determined that appellee's statements were not opinion and therefore were not privileged comments, the next question of law to be addressed is whether the statements made were libel per se. See Auld v. Holly, 418 So.2d 1020 (Fla. 4th DCA 1982) and Gellert. In Gellert, the court stated:
Any publication, oral or written, which imputes to another a condition incompatible with the proper exercise of his trade or profession, amounts to a slander or libel per se. [Citations omitted].
See also Drennen v. Westinghouse Electric Corporation, 328 So.2d 52 (Fla. 1st DCA 1976), in which the court declared:
Under Florida law, a publication is libelous per se when it imputes to another a criminal offense amounting to a felony, or conduct, characteristics, or conditions incompatible with the proper exercise of one's lawful business, trade, profession, *730 or office... . At the very least, the publication in question accuses appellant of conduct incompatible with the proper exercise of his employment or profession which is clearly actionable per se. At 54.
In our view, the statements made by appellee in her letter clearly attack appellant's ability to perform adequately within his profession and therefore, under the above authorities, constitute libel per se. Thus, appellant is entitled to present his case to the trier of fact for consideration of either viable defenses or damages.
In light of our above rulings, the question of whether appellant was a public or private figure becomes pivotal since the burden of proof at trial differs depending on the classification. See Smith; Miami Herald Publishing Company v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982); and Brown v. Tallahassee Democrat, Inc., 440 So.2d 588 (Fla. 1st DCA 1983). Under the facts of this case, we find that appellant does not qualify as a public figure even to a limited extent. In Smith, the court stated:
In order to become a limited public figure the individual must be involved in an actual public controversy. In addition, a limited public figure is subject to an "actual malice" standard only in those contexts where his participation in a controversy is sufficient to gain him general fame or notoriety in the community, and constitutes pervasive involvement in the affairs of society. [Citations omitted].
In Hutchinson v. Proxmire, 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979), Hutchinson, a research behavioral scientist who had received federal funds to conduct research and who had published writings which reached a relatively small category of professionals concerned with research in human behavior was found not to be a public figure for even limited purposes. The court found that neither Hutchinson's applications for federal grants nor his publications in professional journals could be said to have invited that degree of public attention and comment on his receipt of federal grants essential to place him within "public figure" status. In Gertz, although the petitioner had long been active in community and professional affairs and had published several books and articles on legal subjects, he was found not to be a public figure even to a limited degree since he did not thrust himself into the vortex of the public issue that gave rise to the defamation suit, nor did he engage the public's attention in an attempt to influence its outcome. Similarly, in the instant case, in our view, appellant had not received such notoriety in the community resulting either from his profession or from the issue giving rise to appellee's letter, the announcement of the child development program, to place him within the limited public figure status. Compare also From.
REVERSED AND REMANDED to the trial court for further proceedings consistent with this opinion.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] By order, which has not been appealed, the trial court ruled that the editing changes made to the letter by The Democrat did not change the content or the meaning of the letter.
[2] The announcement read:

PROGRAM TEACHES PARENTS
An education program for parents expecting a child by May 30 is being offered by Dr. Charles H. Madsen, Jr. and Susan W. Blue of Florida State University.
The program is being offered free and in the privacy of the participants' homes. It includes training in child development, child management skills, relaxation skills and communication skills.
To receive more information, parents may sign up in their obstetrician's office or call 575-8954 from 8:00 a.m. to 6:00 p.m., 644-1747 from 9:00 a.m. to 5:00 p.m., or 575-1366 from 6:00 p.m. to 11:00 p.m.